Fred J. Munder, J.
In this proceeding under article 78 of the Civil Practice Act the petitioner seeks to annul a decision of the Zoning Board of Appeals denying his request for a variance of front yard requirements and for permission to erect an incinerator for the burning of paper.
The petitioner is in the business of refuse collection, the area of its operation being along the South Shore in the Towns of *954 Oyster Bay, Babylon and Islip. Its principal officer, Joseph Troiano, testified that the unusable refuse is disposed of at the various town incinerators and dumps and that petitioner salvages all paper which is brought to the plant at East Farming-dale. Some of the paper is unsaleable and must be destroyed. Having been stopped from burning such refuse by the town authorities petitioner sought to avoid the objection by erecting an incinerator (which counsel insists on calling a furnace) on some lots abutting the premises it presently occupies in its business.
The Zoning Board of Appeals, in a lengthy and comprehensive decision following a full hearing and inspection by the board, concluded that what the petitioner was seeking to do was, first to so subdivide its land as to create a violation with respect to the existing building and provide an inadequate area for its proposed building; second, to go into competition with the nearby municipal incinerator; and third, to eliminate a cost of operation incident to removing the unsaleable material now sorted to the admittedly adequate town incinerator. The decision also discussed other aspects such as petitioner’s comparison of his proposed operation with the incinerators of department stores and factories which burn only their own waste paper materials and none collected by them from outside and also the nuisance aspect from fly ash, smoke and odors incident to the operation of an incinerator.
I find that the board very reasonably and fairly determined all the fact questions raised by petitioner’s application and that there was ample evidence to support its conclusions. There is no reason or justification for the court to interfere with that determination.
The petition is dismissed.